ASARCO, INC., The Bunker Hill Company, Koppers Company, Inc., Magma Copper Company and Phelps Dodge Corporation, Petitioners,

v.

OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, United States Department of Labor, Respondent.

The ANACONDA COMPANY and Kennecott Copper Corp., Petitioners,

v.

OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, United States Department of Labor, Respondent.

GENERAL MOTORS CORPORATION and Chrysler Corporation, Petitioners,

v.

OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, United States Department of Labor, Respondent.

Nos. 78–1959, 78–2764, 78–3038, 78–2477 and 78–2478.

United States Court of Appeals, Ninth Circuit.

Decided April 7, 1981.

As Amended May 15, 1981.

Ralph J. Moore, Jr., Shea & Gardner, Washington, D.C., Alfred V. J. Prather, Prather, Seeger, Doolittle & Farmer, Washington, D.C., Walter B. Connolly, Pepper, Hamilton & Scheetz, Washington, D.C., on brief for petitioners.

Ann D. Nachbor, Dennis K. Kade, Washington, D.C., Bernard Kleiman, Chicago, Ill., on brief, for respondent.

George H. Cohen, Stephen P. Berzon, Washington, D.C., James D. English, Pittsburgh, Pa., for intervenors.

Before BROWNING, Chief Judge, HUG, Circuit Judge, and HOFFMAN,* District Judge.

PER CURIAM:

Petitioners challenge federal standards regulating employee exposure to inorganic arsenic (29 C.F.R. 1910.1018). All parties agree that the matter should be remanded to the Occupational Safety and Health Administration (OSHA) for reconsideration in light of the Supreme Court's decision in *Industrial Union Department v. American Petroleum Institute,* 448 U.S. 607, 100 S.Ct. 2844, 65 L.Ed.2d 1010 (1980).

The parties disagree, however, as to what steps should be taken to protect employees' health and safety in the interim. The petitioners ask that we vacate the standard, shifting the burden to OSHA to promulgate emergency temporary standards pursuant to its authority under 29 U.S.C. § 655(c); respondent asks that we leave the standard in effect pending resubmission of this matter to this court, or further order of this court, except insofar as petitioners have obtained stays from this court or variances from respondent.

■ We recognize the general rule that "[i]f the decision of the agency 'is not sustainable on the administrative record made, then the . . . decision must be vacated and the matter remanded . . . for further consideration.'" *FPC v. Transcontinental Gas Pipe Line Corp.,* 423 U.S. 326, 331, 96 S.Ct. 579, 582, 46 L.Ed.2d 533 (1976); *see Camp v. Pitts,* 411 U.S. 138, 143, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973).

Nevertheless, "while [we] must act within the bounds of the statute and without intruding upon the administrative province, [we] may adjust [our] relief to the exigencies of the case in accordance with the equitable principles governing judicial action." *Ford Motor Co. v. NLRB,* 305 U.S. 364, 373, 59 S.Ct. 301, 306, 83 L.Ed. 221 (1939).

We recently applied this principle in *Western Oil & Gas Association v. EPA,* 633 F.2d 803 (9th Cir. 1980). We remanded "attainment status designations" to the Environmental Protection Agency (EPA) because of the Agency's failure to comply with the notice and comment provisions of the Administrative Procedure Act; but, "influenced by the possibility of undesirable consequences," we left the challenged designations in effect until the EPA could correct its procedural error. *Id.* at 813. And in a case similar to our own, the D.C. Circuit recently left in effect OSHA standards regulating employee exposure to airborne lead pending a remand for the taking of additional evidence on the feasibility of the standard. *United Steelworkers of America v. Marshall,* 647 F.2d 1189 at 1311 (D.C. Cir. 1980).

■ We are persuaded that the inorganic arsenic standard should remain in effect during the remand period. Respondent has presented several studies it believes demonstrate a serious health risk would result if the current standard for maximum exposure at 10 ug/m$^3$ were not maintained. Petitioners challenge the studies on various grounds, but the studies at least suggest caution before subjecting workers unnecessarily to risks we cannot accurately predict. *Western Oil & Gas Association v. EPA,* 633 F.2d at 813. In addition, it is undisputed that exposure to inorganic arsenic at the level of 500 ug/m$^3$—which would be permitted were we to vacate the current standard—poses a "significant" health risk, and ASARCO concedes that exposure at a level above 50 ug/m$^3$ may present some danger.

Petitioners argue there would be no risk in fact because of respondent's power to promulgate emergency temporary standards pursuant to 29 U.S.C. § 655(c). We are not convinced this power significantly reduces the potential danger to exposed employees. Respondent's power to promul-

* Honorable Walter E. Hoffman, Senior Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

gate temporary standards is limited by the requirement that it find employees are exposed to "grave danger," and that the temporary standard is "necessary" to protect employees from that danger. These required findings appear to be more stringent than those respondent is required by *American Petroleum* to make before issuing permanent standards. *See* 448 U.S. at 640, 100 S.Ct. at 2863 n.45. Petitioners have argued strenuously that a remand for a year is too brief to permit the findings to be made that are required for the permanent standard; it is unlikely that the stringent findings required to support temporary standards could be made in time to afford adequate protection. Moreover, temporary standards may remain in effect for only six months, leaving workers totally unprotected for at least half of the remand period.

Petitioners have never alleged nor attempted to demonstrate that they will be harmed if the standards are continued. General Motors and Chrysler concede that because use of protective equipment is required in any event to comply with the lead standard, they will continue to comply with the 10 ug/m$^3$ arsenic standard in fact even if the standard is vacated. To the extent petitioners have demonstrated irreparable harm and willingness to adapt less costly methods of protecting workers in the interim, this court has granted stays from portions of the arsenic standard.

For these reasons this matter is remanded to OSHA in accordance with the court's order of April 7, 1981.